UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                 Case No. 8:11-cv-2195-T-33MAP

ROBERT J. SHEPPARD and
JUDITH L. SHEPPARD,

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to the United States of America's Motion for Default Judgment against Robert J. Sheppard and Judith L. Sheppard (Doc. # 11), filed on March 15, 2012. For the reasons that follow, the Court grants the Motion.

**I. Default**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failing is shown by affidavit or otherwise, the clerk must enter the party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2);

DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a Court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

## II. **Analysis**

On September 26, 2011, the United States filed its Complaint (Doc. # 1) seeking to reduce to judgment federal tax assessments made against the Sheppards. The United States filed its First Amended Complaint (Doc. # 4) on December 8, 2011. The Secretary of the Treasury assessed the Sheppards trust fund recovery penalties totaling $272,859.83 on various dates spanning May 12, 1997, through October 17, 2007. (Id. at ¶ 6). The Secretary of the Treasury further assessed against the Sheppards federal income taxes, penalties and interest totaling $742,687.56 on various dates spanning October 5,

2

1998, through December 5, 2005. (Id. at ¶ 7). The Sheppards failed to pay those assessments in full.

As of September 26, 2011, Robert J. Sheppard owed the United States $820,461.90 and Judith L. Sheppard owed the United States $1,169,360.36. (Id. at ¶ 9). The ten-year period to collect the tax assessments was tolled by bankruptcy petitions filed by each of the Sheppards as well as the Sheppards' offers to compromise the tax liabilities at issue; thus, the Complaint was timely filed. (Id. at ¶¶ 10-17).

The United States effected service of process on the Sheppards on December 22, 2011. (Doc. ## 5, 6). To date, the Sheppards have not filed a responsive pleading. On February 1, 2012, the United States filed a motion for Clerk's entry of default. (Doc. # 7). The Clerk entered default pursuant to Federal Rule of Civil Procedure Rule 55(a) as to each of the Sheppards on February 2, 2012. (Doc. ## 9, 10).

Based upon the Clerk's entry of default, the well-pled allegations of the First Amended Complaint, the supporting documentation filed by the United States and the Motion, the Court determines that the Motion is due to be granted. The Court further determines that a hearing on this matter is not needed. As of March 8, 2012, the United States was entitled to a judgment against Robert J. Sheppard in the amount of


$831,674.13 and to a judgment against Judith L. Sheppard in the amount of $1,167,068.51.

These amounts, representing the federal tax liabilities, penalties and interest assessed against the Sheppards, are capable of accurate and ready mathematical computation or ascertainment from the face of the First Amended Complaint and the supporting documentation filed by the United States. Specifically, the United States has submitted the Declaration of Revenue Officer Bonnie Ragghianti; Forms 4340, Certificates of Assessments, Payments, and Other specified Matters; and INTST transcripts with respect to the unpaid federal tax liabilities. (Doc. ## 11-1, 11-2, 11-3, 11-4, 11-5).

An assessment of federal tax by the Internal Revenue Service is presumed correct. Roberts v. Commissioner, 329 F.3d 1224, 1228 (11th Cir. 2003); United States v. Chila, 871 F.2d 1015, 1018 (11th Cir. 1985). A taxpayer has the burden of overcoming the presumption of correctness by proving that the method of computing the tax, and therefore the assessment, is arbitrary and without foundation. Olster v. Commissioner, 751 F.2d 1168, 1174 (11th Cir. 1985). The Sheppards have not challenged their liability for the assessments in this case. Indeed, they have not responded to the Complaint.

Accordingly, the Court directs the Clerk to enter judgment against Robert J. Sheppard and in favor of the United States in the amount of $831,674.13, plus interest and penalties accrued since March 8, 2012. The Court further directs the Clerk to enter default judgment against Judith L. Sheppard and in favor of the United States in the amount of $1,167,068.51, plus interest and penalties accrued since March 8, 2012.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The United States of America's Motion for Default Judgment against Robert J. Sheppard and Judith L. Sheppard (Doc. # 11) is **GRANTED**.

(2) The Clerk is directed to enter judgment in favor of the United States and against Robert J. Sheppard in the amount of $831,674.13, plus interest and penalties accrued since March 8, 2012.

(3) The Clerk is directed to enter judgment in favor of the United States and against Judith L. Sheppard in the amount of $1,167,068.51, plus interest and penalties accrued since March 8, 2012.

(4) The Clerk shall thereafter **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>19th</u> day of March, 2012.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record